2018 Nov-08 AM 09:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEWAYNE WRIGHT,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **2:16-cv-08091-AKK** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Dewayne Wright, a federal prisoner, seeks to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255, based on various Supreme Court cases, statutes, and Amendment 709 to the Sentencing Guidelines. *See* doc. 1-1 at 3–4. Wright also seeks *nunc pro tunc* relief for time he previously served in State custody. *See id.* at 11. For the reasons explained below, Wright's petition is due to be denied.[1]

### I.   STANDARD OF REVIEW

Following conviction and sentencing, 28 U.S.C. § 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the

---

[1] Wright's motion to appoint counsel, doc. 2, is also due to be denied, as a "plaintiff in a civil case has no constitutional right to counsel," *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To obtain relief under § 2255, a petitioner must: (1) file a non-successive petition or obtain an order from the Eleventh Circuit authorizing a district court to consider a successive § 2255 motion, 28 U.S.C. § 2255(h), § 2255 Rule 9; (2) file the motion in the court where the conviction or sentence was received, *see Partee v. Attorney Gen. of Ga.*, 451 F. App'x 856 (11th Cir. 2012); (3) file the petition within the one-year statute of limitations, 28 U.S.C. § 2255(f); (4) be "in custody" at the time of filing the petition, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); (5) state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b), *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); and (6) swear or verify the petition pursuant to 28 U.S.C. § 1746. Finally, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

## II. PROCEDURAL HISTORY

After Wright pleaded guilty to one count of mail theft in violation of 18 U.S.C. § 1708 (Count I) and two counts of check forgery in violation of 18 U.S.C. § 495 (Counts II and III), Judge U.W. Clemon of this court sentenced Wright in April 1981 to a term of imprisonment of five years as to Count I, followed by two consecutive terms of ten years each as to Counts II and III.  *See* doc. 6-2 at 1. Wright did not appeal his sentence.  Doc. 1 at 2.

Subsequently, in September 1981, a judge of the Circuit Court of Jefferson County, Alabama sentenced Wright to fifty-five years imprisonment on state charges of first degree robbery and first degree theft of property.  Doc. 1-1 at 18. Wright was paroled from the Alabama Department of Corrections in September 2010.  *Id.*  Following his release, federal authorities arrested Wright, and Wright began serving his federal sentence in January 2012.  *Id.* at 5.  Wright subsequently filed this § 2255 motion on June 22, 2016.  Doc. 1 at 12.

## III. ANALYSIS

**A. Wright's Request that the Court Vacate His Sentence Pursuant to Various Legal Authorities**

Wright seeks relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), *United States v. Welch*, 136 S. Ct. 1257 (2016), the Armed Career Criminal Act ("ACCA"), the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Comprehensive Crime Control Act of 1984 ("CCCA"), the

Sentencing Reform Act of 1984 ("SRA"), and Amendment 709 to the United States Sentencing Guidelines. *See* doc. 1-1 at 2–4, 10. The court addresses Wright's arguments below.[2]

1. *Johnson*, *Welch*, and the ACCA

As an initial matter, Wright's motion is untimely, because Wright filed it after the one year period his conviction became final. *See* 28 U.S.C. § 2255(f)(1). Specifically, Wright's conviction became final in April 1981, and Wright did not file this motion until June 22, 2016. The court is not persuaded by Wright's contention that his motion is timely due to *Johnson*, which declared void for vagueness the portion of the ACCA that defined "violent felony" to include offenses that "involve[] conduct that presents a serious potential risk of physical injury to another" comparable to "burglary, arson, or extortion" or an offense that "involves the use of explosives," 135 S. Ct. at 2557, 2563, and *Welch*, which held that *Johnson* applies retroactively on collateral review, 136 S. Ct. at 1268. Doc. 1 at 11. While Wright is correct that, where a movant seeks to benefit from a new Supreme Court decision, the movant has one year from the date of that decision to

---

[2] The court notes at the outset that Wright has procedurally defaulted on his claims for relief by not raising any of these arguments in a direct appeal. *See Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (defendant defaults in a collateral proceeding when he could have raised an issue on direct appeal but failed to do so); *McCoy v. United States*, 266 F.3d 1245, 1258–59 (11th Cir. 2001) (failure to raise claim makes the claim procedurally defaulted, even if it was explicitly foreclosed by existing circuit precedent at the time of defendant's direct appeal).

file his motion, *see Dodd v. United States*, 545 U.S. 353, 360 (2005), Wright's motion does not assert a cognizable *Johnson* claim. According to Wright,

> [t]his court sentenced [him] to imprisonment after finding that he had at least one prior felony conviction for a "crime of violence" as defined by the residual clause of the U.S.S.G. Section 4B1.2, which triggered applications [*sic*] of the Sentencing enhancements in U.S.S.G. Section 4B1.1. This Guideline residual clause is materially indistinguishable from the residual clause found in the Armed Career Criminal Act . . . .

Doc. 1-1 at 5–6. The Eleventh Circuit has held that "*Johnson* does not apply to sentences that were based on USSG § 4B1.1." *In re Clayton*, 829 F.3d 1254, 1256 (11th Cir. 2016). Regardless, as a practical matter, Judge Clemon could not have sentenced Wright pursuant to the Sentencing Guidelines in 1981, because the Guidelines were the product of the United States Sentencing Commission, which was created by the Sentencing Reform Act of 1984. *See* 28 U.S.C. §§ 991, 994; *United States v. Jordan*, 915 F.2d 622, 631 (11th Cir. 1990) (the Sentencing Reform Act of 1984 "became effective on November 1, 1987"). Accordingly, these arguments fail.

2. The AEDPA

Wright also contends that his motion is timely due to the AEDPA, because he filed his motion "within the one (1) year time limitation for submission of such actions provided for in recent Supreme Court rulings . . . and within the Statute of Limitations of June 26, 2016 to file and 'Johnson' issues and 28 U.S.C. Section

2255." Doc. 1-1 at 3–4. Prior to the AEDPA, a petitioner could file a § 2255 motion "at any time." *Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001). Since the enactment of that statute, a petitioner has "a one-year after conviction time limitation for bringing habeas corpus claims." *Id.* at 1316. This one-year limitations period runs from the latest of:

> (1) the date on which the conviction becomes final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) *the date on which the right giving rise to the motion was recognized by the Supreme Court*; or (4) the date on which evidence is newly discovered that gives rise to the motion.

*Id.* at 1317 (emphasis added). Wright's reliance on the AEDPA is misplaced, because, as explained above, the *Johnson* case does not help him. *See also Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998) (for prisoners whose convictions became final before the enactment of the AEDPA, the deadline for filing was April 23, 1997, one year after the effective date of the AEDPA).

### 3. The CCCA and SRA

Wright presents no argument as to why this court should vacate his sentence pursuant to the Comprehensive Crime Control Act or Sentencing Reform Act, but apparently lists these statutes as mere jurisdictional bases for his motion. Doc. 1-1 at 4.[3] The court can only surmise that Wright cites the SRA, which was part of the

---

[3] Wright does not discuss or otherwise mention these statutes except at doc. 1-1 at 4.

CCCA and created the United States Sentencing Commission, as a segue into his Amendment 709 argument, which the court discusses below.

4. Amendment 709 to the U.S.S.G.

Wright argues that he is entitled to relief pursuant to Amendment 709 because his state convictions and sentences for robbery and theft of property were "handed down the same day before the same Judge." Doc. 1-1 at 10. According to Wright, "the Jefferson County convictions were imposed on the same day and the conviction 'start dates' was [*sic*] established as 9/14/81. This Federal Court as a rule should not ex post enhance those state court proceedings just because the Federal Court might expect a higher term [of] imprisonment by doing so." Doc. 1-1 at 10 (emphasis omitted).

Amendment 709 clarified "how to determine the criminal history category under U.S.S.G. §§ 4A1.1 and 4A1.2 when multiple convictions are involved." *United States v. Martinez*, 338 F. App'x 846, 847 (11th Cir. 2009). Specifically, "prior offenses separated by an intervening arrest are counted separately for purposes of calculating a criminal-history score, and, if there was no intervening arrest, prior sentences are counted separately 'unless the sentences (1) were for offenses that were named in the same charging document, or (2) were *imposed on the same day*.'" *Id.* (emphasis added). To the extent Wright is arguing that Judge Clemon used Wright's September 1981 state convictions to enhance his federal

sentence, such an argument fails, as Judge Clemon sentenced Wright for the federal offenses in April 1981 *before* Wright was convicted of the state crimes. Moreover, as discussed above, the Sentencing Guidelines did not exist in 1981. *See Jordan*, 915 F.2d at 631.

### B. Wright's Request that This Court Award Him Credit for Time Served

Wright alternatively requests *nunc pro tunc* relief under § 2255. The court cannot afford Wright such relief, for at least three reasons. First, a claim for credit for time served is properly brought under 28 U.S.C. § 2241. *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000); *see also Perez v. Rathman*, No. 1:11-cv-00949-TMP, 2012 U.S. Dist. LEXIS 184053, at *15 (N.D. Ala. Nov. 16, 2012) ("[T]he claim concerning prior time-served is a challenge to the execution of [the petitioner's] sentence and is properly brought under § 2241 . . . ."). Second, "the proper party respondent to a § 2241 habeas corpus petition is the custodian of the prisoner," *Walther v. Bauknecht*, 155 F. App'x 463, 464 (11th Cir. 2005), and not the United States. Third, "[o]nly a court inside the district where the prisoner is confined has jurisdiction to grant relief pursuant to a § 2241 petition," *United States v. Saldana*, 273 F. App'x 845, 846 (11th Cir. 2008) (citing *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971)), and Wright is not confined in the Northern District of Alabama.

In response to the government's arguments, Wright has asked the court to "transfer venue to the appropriate court to hear the sentencing issues" or to "renam[e] the section 2255 [motion] as a section 2241 [motion] and transfer[] the renamed motion to the appropriate court and respondents." Doc. 7 at 1. The court cannot serve as Wright's attorney, however, and Wright must file a separate § 2241 motion in the appropriate court on his own. The court notes, however, that Wright would face an uphill battle in light of the prohibition on successive petitions. *See Davis v. Pugh*, 222 F. App'x 925, 927 (11th Cir. 2007) ("[A] petitioner who has filed a previous § 2255 motion which the court denied may not circumvent the AEDPA's successive-motion rule simply by filing a petition under § 2241.").

## IV. CONCLUSION

In light of the foregoing, the court finds that Wright's arguments are either procedurally barred or fail to establish a sufficient basis to vacate his sentence under 28 U.S.C. § 2255. Accordingly, his § 2255 petition is due to be denied. The court will issue a separate order consistent with this opinion.

**DONE** the 8th day of November, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE